Appeal of **NATHANIEL A. DUNN**     Docket No. 312.
**ET AL.**[1]

> Evidence held insufficient to prove that actual value of accounts receivable and inventory were less than book value at time of dissolution of corporation.

Submitted November 20, 1924; decided December 29, 1924.

Paul D. Hutchison, C. P. A., for the taxpayer.

W. *Frank Gibbs, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, and TRUSSELL.

---

[1] Robert W. Dunn and Laurence S. Thompson, deceased, were also parties to this appeal.

the notice of deficiency was mailed and upon motion of the Commissioner was therefore dismissed. The representatives of the estate of the decedent Thompson did not appear and have not been made known. The total taxes in controversy are alleged to amount to less than $10,000.

The proposition relied upon by the taxpayers is that upon the dissolution in 1920 of a corporation known as Dunn, Marsh & Thompson, of which they were stockholders, they did not receive as much as the books of the corporation indicated as the value of its assets at that time. The taxpayers conceded that what they received was a liquidation distribution under the Revenue Act of 1918 but based their appeal upon the proposition that the assets, consisting of accounts receivable and goods on hand, owned by the corporation at the time of dissolution, were worth less than their book value. It is stated that the taxpayers on their original returns reported as a dividend their pro rata shares of the surplus shown by the books. This was changed by the Commissioner and the amount of book gain apparently regarded by him as a profit subject to normal and surtaxes. From this the taxpayers appeal. At the hearing the taxpayer, Nathaniel A. Dunn, testified.

### FINDINGS OF FACT.

Dunn, Marsh & Thompson was a corporation dissolved on January 1, 1920. At the time of its dissolution it had upon its books a list of about 300 accounts receivable. These were listed in the petition, and were believed by the taxpayer to be doubtful. The witness and the bookkeeper from their " general knowledge of the customers " felt satisfied that the accounts in question could properly be classified as follows:

| | |
|---|---:|
| Expect payment in 60 days | $28, 901. 43 |
| Expect payment in 90 days | 16, 952. 30 |
| Considered doubtful | 5, 997. 27 |
| Considered bad (worthless) | 5, 108. 01 |
| Grand total | 56, 959. 01 |

This classification was based on the witness's own judgment from his experience in this corporation as to whether or not the accounts were good.

The company kept no separate account of the cost of collecting bad accounts. That cost was included in general selling cost. The witness estimated from general experience that it cost 10 per cent to collect the accounts. The record is not clear as to what this 10 per cent means. The only thing he could base his estimate on was his experience and general knowledge. Many of the accounts in question were still on the books of the partnership at the time of the hearing and business was still being done with the customers. The statement attached to the petition was prepared in 1924. No testimony was introduced as to any items contained in the list of accounts. Those listed as *expect payment in 60 days* were all good accounts which were expected to be paid in full at the end of 60 days. This was similarly true as to the 90-day list. There is not sufficient evidence in the record to establish a value of the accounts

receivable at an amount less than the value shown by the books at the time of dissolution.

The inventory was taken by the taxpayer and his bookkeeper. The taxpayer took down the quantities and priced them. There is nothing in the record from which the Board can make any finding of fact with respect to the actual value of the inventory, except that the taxpayer, himself, made the inventory as it was shown upon the corporation books at the time of dissolution.

### DECISION.

The determination of the Commissioner of a deficiency of $1,147.29 is approved.

### OPINION.

STERNHAGEN: This appeal must fall for lack of evidence. While in some cases it may be true that accounts receivable are not collectible to the full extent of their face value, this is a question of fact as to which the finding must properly be based upon evidence. Here the taxpayers have not proven the actual value of any of the 300 accounts in question but have contented themselves with a general statement that 10 per cent is believed to be a fair discount. This is a conclusion and standing alone is insufficient.

As to the inventory which the taxpayers allege was worth less than the book value, we are likewise without evidence. The witness merely said that some of the stock on hand was slow and some was quick. He could not remember whether at the close of 1919 values of stock in trade in the grocery business were going up or down. He had himself priced the inventory, placed it upon the books, and in the absence of convincing evidence we can not now say that he was then in error; and in the absence of proof as to its actual value we can not say that the book value was too high.

Upon the record we must approve the action of the Commissioner.